UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH STEWART DAVIS,

                Plaintiff,

v.                                                        Case No. 20-cv-664-pp

DR. JAMES MURPHY, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

      Plaintiff Joseph Davis, who is confined at Fox Lake Correctional Institution and who is representing himself, filed a complaint alleging that defendants at the Fond du Lac County Jail were negligent under Wisconsin state law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C.

1

§1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 28, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $73.57. Dkt. No. 5. The court received that fee on May 20, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

On June 29, 2018, the plaintiff was an inmate at the Fond du Lac County Jail. Dkt. No. 1 at 2. He has sued Dr. James Murphy Jr. and "Fond du lac County Jail." Id.

The plaintiff says that during the time he was in the jail, he had a feeding tube in his stomach as the result of a gunshot wound he'd suffered a year and a half earlier. Id. at 2. While in the jail, he asked to have the tube removed. Id. He says that on June 29, 2018, he was called to be seen by the medical staff, and defendant Dr. James Murphy was there to remove the tube. Id. He says that also present in the room were a corrections officer and a nurse, whom he can't identify. Id. The plaintiff says that in the attempt to remove the feeding tube, Dr. Murphy "started to poke [the plaintiff] with a hypodermic syringe stating that he was trying to deflate a balloon in [the plaintiff's] stomach that was attached to [the] feeding tube." Id. at 2-3. The plaintiff alleges that after

3

seven or eight tries, Dr. Murphy gave up and sent the plaintiff back to his unit. Id. at 3. The plaintiff explains that when the tube was inserted, the doctors at the hospital told him that if anything or anyone "bother[ed]" the tube, the plaintiff should come to the hospital as soon as possible. Id. The plaintiff told Dr. Murphy this, as well as telling "the Fond du Lac County Jail," but they told him not to worry and place him in observation for three days. Id.

On July 10, 2018, the plaintiff went to Froedtert hospital and the feeding tube was removed. Id. When the tube was removed, the plaintiff says, he realized that there was not a balloon at the end of the tube. Id. He says that for this reason, he believes that Dr. Murphy "showed negligent behavior" by not following proper guidelines "with at least doing a x-ray of [his] stomach to see what and where he was poking at." Id. The plaintiff also faults the Fond du Lac County Jail because "they're the ones who employ Dr. Murphy" and because the plaintiff was in the jail's custody he was the jail's responsibility. Id. at 3-4. The plaintiff says that he would like to file a complaint on Dr. Murphy for "negligent to properly do his duty," and a complaint on the jail "for negligent to the fact." Id. at 4. He says he filed a grievance on June 27, 2018. Id. The plaintiff seeks monetary damages "for their negligent actions." Id. at 5.

C. Analysis

Federal courts have jurisdiction over lawsuits that allege violations of *federal* law or the *federal* Constitution, or over lawsuits between citizens of different states in cases involving certain amounts of money. See 28 U.S.C. §1331 and 28 U.S.C. §1332. The plaintiff asks to procced against Dr. Murphy

4

"for negligent to properly do his duty" and against Fond du lac County Jail for "negligent to the fact." Dkt. No. 1 at 4. While the plaintiff marked the box under the "Jurisdiction" section of the complaint that said he was suing for a violation of federal law under 28 U.S.C. §1331, negligence is a *state-law* claim. A person is negligent under Wisconsin law when that person has a duty of care to someone else, breaches that duty and causes damages to the other person as a result of the breach. See Paul v. Skemp, 242 Wis. 2d 507, 520 (Wis. 2001) ("A claim for medical malpractice, as all claims for negligence, requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages.") If a Wisconsin plaintiff wants to sue Wisconsin defendants for negligence, the plaintiff must file that lawsuit in state court. This court will dismiss the plaintiff's complaint for failure to state a claim upon which a federal court may grant relief. See also Grant v. Schmidt, 787 F. App'x 345, 348 (7th Cir. 2019) (concluding that a plaintiff can "plead[] himself out of court by alleging conduct that sound[s] in negligence rather than deliberate indifference.")

The court notes that the plaintiff filed a letter on May 4, 2020 expressing concern that he checked the wrong box in the section of the complaint labeled "jurisdiction." Dkt. No. 7. The letter states that the plaintiff doesn't want his complaint to get dismissed if he accidently checked the wrong box. Id. The court is aware that the plaintiff does not have a lawyer representing him; the court is not dismissing the complaint based on which box the plaintiff checked.

5

The court is dismissing the complaint because the facts the plaintiff alleged didn't allow him to proceed under either box.

Because the plaintiff does not have a lawyer, the court will give the plaintiff an opportunity to file an amended complaint to state a claim under federal law or the federal Constitution. If the plaintiff wants to proceed under the Fourteenth Amendment to the federal Constitution (which prohibits the punishment of pretrial detainees), he must show that Dr. Murphy's care was "objectively unreasonable." Miranda v. Cty. of Lake, 900 F.3d 335, 354 (7th Cir. 2018). If he wants to proceed under the Eighth Amendment to the federal Constitution (which prohibits cruel and unusual punishment to convicted inmates), he must allege facts showing: "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." Gomez v. Randle, 680 F.3d 859, 865 (7th Cir. 2012) (internal cites omitted). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Id. "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." Id.

The court also notes that the defendant sued the Fond du Lac County Jail. A county jail is a part of the county, not a free-standing legal entity that can be sued in its own right. See Schlagenhaft v. Brown Cty. Jail, No. 18-cv-2022, 2020 WL 3971636, at *2 (E.D. Wis. July 14, 2020) (citing Gill v. Brown Cty. Jail, No. 17-cv-873-pp, 2018 WL 3014834, at *3 (E.D. Wis. June 15,

2018); Gambrell v. Brown Cty. Jail Health Servs., Case No. 15-c-1146, 2015 WL 6873229, at *2 (E.D. Wis. Nov. 9, 2015)). Nor is the jail a "person;" §1983 allows someone to sue a "person" who has violated his or her civil rights. If the plaintiff decides to amend his complaint, he should not include the jail as a defendant, because it is not an entity subject to suit.

The court is enclosing with this order a guide for *pro se* prisoners that explains how to file a complaint. The court also will include a blank prisoner complaint form. The court will require the plaintiff to use that form to file his amended complaint. See Civil L. R. 9 (E.D. Wis.). If the plaintiff files an amended complaint by the deadline the court sets below, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the deadline, the court will issue a final order of dismissal and will assess him a strike based on the fact that this complaint does not state a claim upon which a federal court can grant relief. See 28 U.S.C. §1915(g). If the plaintiff reads this order and decides that he cannot state a federal claim, or if he determines that he would rather proceed with a negligence claim in state court, he may notify the court in writing that he wishes to voluntarily dismiss the case and avoid a strike.

If the plaintiff does decide to amend the complaint, he must write the word "Amended" at the top of the first page, in front of the word "Complaint." He must include the case number—20-cv-664—in the space provided for the case number. He must list in the caption the individual defendants that he wants to sue. He must use the lines on pages two and three, under "Statement

of Claim," to explain what the defendant or defendants did to violate federal law or the federal Constitution. The amended complaint will take the place of the original complaint, so it must be complete in and of itself. The plaintiff must include every fact that supports his claims; the court will not look back to the original complaint when it reviews the amended one.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$276.43** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution. The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim and **DISMISSES** the complaint. The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the

plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **December 4, 2020**. If the court does not receive either an amended complaint or a request for voluntary dismissal by the end of the day on December 4, 2020, the court will dismiss the case and assess a strike against the plaintiff.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

or other information not being timely delivered, which could affect the legal rights of the parties.

The court includes with this order a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated in Milwaukee, Wisconsin this 29th day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**